**Karapet BARSEGIAN; Mari Mkhitarian, Petitioners,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**Nos. 03–71300.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2005.\*\*

Decided April 26, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suit-

Kapapet Barsegian, Los Angeles, CA, pro se.

Mari Mkhitarian, Los Angeles, CA, pro se.

David Prisyon Beitchman, Esq., Harry S. Zekian, Beitchman and Zekian, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq. Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., William C. Minick, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER and BEA, Circuit Judges.

MEMORANDUM ***

Karapet Barsegian, a native and citizen of Armenia, and his wife Mari Mkhitarian,

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

a native of Syria and citizen of Armenia, petition for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of their application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). Because the transitional rules apply, we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Elian v. Ashcroft*, 370 F.3d 897, 899 n. 2 (9th Cir.2004) (order). We review the IJ's factual findings—including its credibility findings—and its determination of an applicant's eligibility for asylum, for substantial evidence. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001) (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). The substantial evidence standard is highly deferential and this court will not overturn the IJ's decision unless evidence compels a reversal. *See Chebchoub*, 257 F.3d at 1042. We deny the petition.

■ Substantial evidence supports the IJ's adverse credibility decision. Barsegian's testimony regarding his membership in the A.I.M. political party and the attacks on his family was internally inconsistent and inconsistent with the testimony of other witnesses. The discrepancies relate to the basis for his alleged fear of persecution and go to the heart of petitioners' asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

■ Substantial evidence also supports the IJ's determination that petitioners failed to meet their burden of demonstrating past persecution or a well-founded fear of future persecution. With respect to petitioners' past persecution claims, the IJ found that the petitioners failed to "establish basic facts to their claim with details and information that would lead the trier of fact to have some understanding of the facts that happened to them." Barsegian's testimony regarding the specific incidents

of persecution lack consistency and detail. For example, Barsegian and Mkhitarian did not provide a consistent and detailed account of the attack on Mkhitarian as to what month of the year it occurred, and whether the incident caused them to flee their home and stay with relatives. Similarly, Barsegian and Mkhitarian testified inconsistently regarding how many times their son was detained and by whom. Thus, evidence supports the IJ's conclusion and does not compel a finding of past persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1430–31 (9th Cir.1995).

■ With respect to their claim of future persecution, the IJ found that Jehovah's Witnesses are primarily persecuted in Armenia because of their refusal to serve in the Army. Because of Barsegian's age, the IJ found that Barsegian is unlikely to be asked to serve in the military, and therefore, is unlikely that he will be persecuted based on his religion. The record contains evidence to support the IJ's findings regarding Barsegian's age and the primary reasons that Jehovah's Witnesses are persecuted in Armenia. Thus, evidence in the record does not compel a finding of future persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1430–31 (9th Cir. 1995).

By failing to qualify for asylum, petitioners necessarily fail to satisfy the more stringent standard for withholding of deportation. *See Ghaly*, 58 F.3d at 1429. Petitioners are also not entitled to CAT relief because they did not demonstrate that it is more likely than not that they would be tortured if returned to Armenia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d at 898–99, petitioners' voluntary departure

period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.